UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 10-bk-10717 |
| | ) | |
| GRAZINA SINKUNIENE, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Timothy A. Barnes |
| —————————————————— | ) | |
| | ) | |
| ANTHONY STELMOKAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 10-ap-01418 |
| | ) | |
| GRAZINA SINKUNIENE, | ) | |
| | ) | |
| Defendant. | ) | |
| —————————————————— | ) | |

TIMOTHY A. BARNES, Judge.

MEMORANDUM OPINION

This matter comes before the court on the motion of Grazina Sinkuniene ("Defendant") for sanctions and attorney's fees against Anthony Stelmokas ("Plaintiff"), appearing *pro se*. For the reasons set forth herein, the court denies the Defendant's motion to sanction or award attorney's fees from the Plaintiff.

JURISDICTION

The federal district courts have "original and exclusive jurisdiction" of all cases under title 11 of the United States Code (the "Bankruptcy Code"). 28 U.S.C. § 1334(a). The federal district courts also have "original but not exclusive jurisdiction" of all civil proceedings arising under title 11 of the Bankruptcy Code, or arising in or related to cases under title 11. 28 U.S.C. § 1334(b). District courts may, however, refer these cases to the bankruptcy judges for their districts. 28 U.S.C. § 157(a). In accordance with section 157(a), the District Court for the Northern District of Illinois has referred of all of its bankruptcy cases to the Bankruptcy Court for the Northern District of Illinois. N.D. Ill. Internal Operating Procedure 15(a).

A bankruptcy judge to whom a case has been referred may enter final judgment on any core proceeding arising under the Bankruptcy Code or arising in a case under title 11. 28 U.S.C. § 157(b)(1). A request for sanctions for conduct that has occurred before the bankruptcy court arises in a case under title 11 and is a core proceeding. 28 U.S.C. § 157(b)(2); *see In re Memorial*

*Estates, Inc.*, 950 F.2d 1364, 1370 (7th Cir. 1991), *cert. denied*, 504 U.S. 986, 112 S.Ct. 2969, 119 L.Ed.2d 589 (1992).

## PROCEDURAL HISTORY

The matter before the court arises out of Defendant's Amended Motion for Rule 9011 Sanctions Against Anthony Stelmokas (the "Sanctions Motion") [Adv. Docket No. 46].

In considering the Sanctions Motion, the court has considered the arguments of the parties at the June 6, 2012 hearing, and has reviewed and considered the Motion itself, the various attached exhibits submitted in conjunction therewith, as well as the following related pleadings:

(1) Plaintiff's Response to Defendant's Amended Motion for Rule 9011 Sanctions Against Anthony Stelmokas (the "Response") [Adv. Docket No. 55];

(2) Defendant, Grazina Sinkuniene's Reply to Plaintiff, Anthony Stelmokas' Response to Defendant's Motion for Rule 9011 Sanctions (the "Reply") [Adv. Docket No. 57]; and

(3) The Current Itemization of Debtor's Attorneys' Fees in Support of Defendant, Grazina Sinkuniene's Motion for Sanctions Against Plaintiff, Anthony Stelmokas [Adv. Docket No. 58].

The court has also considered the procedural history and previous court filings underlying the Sanctions Motion, including:

(1) The Complaint To Determine Dischargeability of Debt Under 11 U.S.C. § 523, dated July 6, 2010 (the "Original Complaint") [Adv. Docket No. 1];

(2) Defendant's Motion To Dismiss Adversary Complaint To Determine Dischargeability of Debt Under 11 U.S.C. § 523 (the "Motion To Dismiss") [Adv. Docket No. 6];

(3) The Order dated September 14, 2012 granting the Motion To Dismiss [Adv. Docket No. 13];

(4) The Amended Complaint To Determine Dischargeability of Debt Under 11 U.S.C. § 523(a)(2)(A), dated October 6, 2010 (the "Amended Complaint") [Adv. Docket No. 15];

(5) Defendant's Motion To Dismiss the First Amended Adversary Complaint To Determine Dischargeability of Debt Under 11 U.S.C. § 523(a)(2)(A) (the "Renewed Motion To Dismiss") [Adv. Docket No. 19];

(6) Plaintiff's Reply to Defendant's Motion To Dismiss the First Amended Adversary Complaint To Determine Dischargeability of Debt Under 11 U.S.C. § 523(a)(2)(A) [Adv. Docket No. 22];

2

(7) The Order Granting Defendant's Motion to Dismiss the Amended Complaint dated April 13, 2011 (the "Second Dismissal Order") [Adv. Docket No. 24];

(8) Plaintiff's Motion for Leave To File an Amended Pleading [Adv. Docket No. 28];

(9) Defendant's Reply to Motion for Leave To File an Amended Pleading/Complaint To Determine Dischargeability of Debt Under 11 U.S.C. § 523 [Adv. Docket No. 29];

(10) The Order Denying for Reasons Stated on the Record Motion for Leave dated May 10, 2011 [Adv. Docket No. 30];

(11) Defendant's Motion for Rule 9011 Sanctions Against Anthony Stelmokas (the "Original Sanctions Motion") [Adv. Docket No. 31];

(12) The Notice of Appeal (of the Second Dismissal Order) [Adv. Docket No. 35]; and

(13) The Memorandum Opinion of District Judge Samuel Der-Yeghiayan affirming the Second Dismissal Order [as attached to Adv. Docket No. 42].

The court has also reviewed all notices and exhibits relating to the foregoing. Though the foregoing lists are not an exhaustive list of the filings in the above-captioned adversary proceeding, the court has taken judicial notice of the contents of the docket in this matter. *See Levine v. Egidi*, No. 93C188, 1993 WL 69146 at *2 (N.D. Ill. March 8, 1993), *In re Financial Partners*, 116 B.R. 629, 635 (Bankr. N.D. Ill. 1989)(authorizing a bankruptcy court to take judicial notice of its own docket).

FACTUAL HISTORY

1. The Case at Bar

On March 12, 2010, the Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

On July 6, 2010, the Plaintiff, acting *pro se*, filed the Original Complaint commencing this adversary proceeding, seeking to prevent the discharge in bankruptcy of a $2,660 debt owed to him by Defendant under 11 U.S.C. § 523(a)(2)(A). The Original Complaint was dismissed by the court on September 14, 2010 for failure to state a claim for relief and for failure to plead fraud with particularity, with leave to file an amended complaint.

On October 7, 2010, after having received leave from the court to do so, the Plaintiff filed the Amended Complaint. As with the Original Complaint, the Amended Complaint contained relatively few factual allegations. It alleges that on April 8, 2009, the Plaintiff loaned the Defendant the principal sum of $2,376. The loan was evidenced by a promissory note signed by the Defendant reflecting an annual interest rate of twelve percent (12%) ("Promissory Note"). The loan was due and payable in full on April 8, 2010, but was never repaid.

3

The Plaintiff further alleged that the Defendant, both prior to and contemporaneously with the making of the loan, orally made false representations to the Plaintiff that she was creditworthy and had the ability to repay the loan and would repay the loan in full with interest. The Plaintiff further alleged that the Defendant induced the Plaintiff (in his own tavern) by "buying shots of brandy for herself and the Plaintiff and drinking together in order to get his defenses down." Finally, he alleged that the Defendant intentionally failed to disclose that she was in arrears for five (5) months on her mortgage payments, including principal, taxes, insurance and that she was in poor financial condition.

Based on these factual allegations, the single-count Amended Complaint sought to except the Defendant's debt from discharge under section 523(a)(2)(A) of the Bankruptcy Code, alleging that the Defendant intended to deceive the Plaintiff and formulated a plan to obtain money from the Plaintiff with no intention of paying him back. The Plaintiff argued that the Defendant made the statements regarding her financial condition knowing them to be false or with reckless disregard for the truth, and that the Plaintiff actually and reasonably relied on the false statements.

On November 1, 2010, the same date that the Defendant filed the Renewed Motion To Dismiss, counsel for the Defendant sent a letter to the Plaintiff, demanding that the Complaint be withdrawn (the "Safe Harbor Letter"). In the Safe Harbor Letter, the Defendant's counsel pointed out that the Original Complaint was dismissed by the court on sufficiency grounds and argued that the Amended Complaint was equally meritless and lacking in factual and legal bases.

The Safe Harbor Letter concluded with a statement by Defendant's Counsel that the Defendant would ask the court to sanction the Plaintiff for costs and reasonable attorney's fees if the Plaintiff did not voluntarily dismiss the Amended Complaint within twenty-one (21) days after the Plaintiff's receipt of the Safe Harbor Letter. The Safe Harbor Letter does not indicate if a copy of the proposed motion for sanctions was attached.

When the Plaintiff failed to withdraw the Amended Complaint and the court entered the Second Dismissal Order, the Plaintiff filed a motion for leave to file a second amended complaint. The court denied that motion, finding that the proposed amendments did not correct the problems set forth in the Second Dismissal Order and would be futile. The court declined to order sanctions against the Plaintiff because the Defendant had failed to move for sanctions and failed to comply with the safe harbor rule. That same date, the Defendant filed the Original Sanctions Motion requesting reasonable attorney's fees incurred after the Plaintiff was served with the Safe Harbor Letter in the amount of $2,060.

On May 24, 2011, the Plaintiff appealed the Second Dismissal Order and the May 10, 2011 oral ruling denying the Plaintiff's motion for leave to file a second amended complaint. As a result, the hearing on the Original Sanctions Motion was continued. On November 10, 2011, the United States District Court for the Northern District of Illinois affirmed both of the court's decisions and terminated the appeal.

Following the conclusion of the appeal, counsel for the Defendant filed the Sanctions Motion presently before the court, increasing the Defendant's request for attorney's fees to $5,200, so as to include those fees incurred in the appeal. The parties briefed the Sanctions Motion, and the

4

court held oral arguments on June 6, 2012. After the hearing, the court took under advisement whether or not there was sanctionable behavior on behalf of the Plaintiff and, if yes, whether the court should issue sanctions against the Plaintiff in this case.

2.　The Plaintiff's History Before the Court

In reaching its conclusion on appeal, the District Court considered, among other things, the Plaintiff's history of bringing actions similar to the matter at bar, and the fact that the bankruptcy court has in the past sanctioned the Plaintiff for similar behavior.[1] So as to understand better that history and the conclusions that may be drawn from it, it is useful to set forth some of that history here.

It is clear from the many actions involving the Plaintiff that he is, among other things, in the business of making "payday loans" to and cashing third-party checks for borrowers in financial distress. The Plaintiff appears to encounter these borrowers at Club Gintaras, a Chicago tavern owned by the Plaintiff. The Plaintiff gives the borrowers short-term loans, and the borrowers agree to repay to Plaintiff the principal of the loan plus interest. The Plaintiff also cashes third-party checks in exchange for a percentage service fee. Unsurprisingly, the loans generally arise through oral agreements made by the parties. If documented at all, that documentation consists of written promissory notes executed by the customer.

In the event that the borrowers fail to pay back the loans or that the third-party checks fail to clear, the Plaintiff is not shy in pursuing legal action in state court. The Plaintiff has had limited success in that regard.

For those borrowers who filed for bankruptcy, the Plaintiff has filed adversary proceedings seeking a determination that the debts were nondischargeable under section 523(a)(2)(A) of the Bankruptcy Code. By the court's count, the Plaintiff has filed thirty-one (31) such adversary proceedings in this District, including the matter at bar, the majority of which were filed during the four-year period between 2008 and 2011. The Plaintiff has appeared before no less than nine bankruptcy judges. A table of these adversary proceedings is appended to this Memorandum Decision as Exhibit A.

In each instance, the Plaintiff has filed the adversary proceeding "*pro se*" … without the assistance of legal counsel. In some instances in which the adversary proceeding survived motions to dismiss and proceeded toward trial, the Plaintiff engaged an attorney. In every isntance where an attorney was engaged, the attorney proceeded to amend the Plaintiff's complaint. However, no adversary proceeding has proceeded to trial with counsel. Where an attorney was engaged, the adversary proceeding was either dismissed prior to trial or the attorney was discharged or withdrew prior to trial.

---

[1] This matter has involved two of the judges of the United States Bankruptcy Court for the Northern District of Illinois. Prior to this judge having taken the bench on May 16, 2012, this matter was assigned to the Honorable Susan Sonderby (ret.). Thus all matters other than the hearing on the Sanctions Motion were matters determined by Judge Sonderby. This judge has not previously or since had a matter involving the Plaintiff.

It is apparent to the court that the Plaintiff's bankruptcy litigation has been conducted as a war of attrition. In reviewing the cases contained in Exhibit A, as best as the court can determine, the only success the Plaintiff has had in these efforts is when the defendant has defaulted, which has happened in four matters. Of the remaining adversaries, the majority has been dismissed before trial. Five have been voluntarily dismissed. Four were dismissed for want of prosecution. Six proceeded to the pre-trial scheduling phase, only to be dismissed for failure to obey a scheduling or other pretrial order or for failure to comply with a discovery order. Only four of the adversary proceedings have actually gone to trial. In three of those adversary proceedings, judgment was entered in favor of the defendant. In the fourth, the adversary was dismissed after the close of the Plaintiff's case. One remaining adversary proceeding was set for trial earlier this month, but has been rescheduled for early next year.

When the Plaintiff loses, however, he is not shy about appealing, despite his limited success in so doing. Although the Plaintiff appealed the denial of his motion to amend his complaint in one matter, his appellate case was dismissed upon Appellee's motion when Plaintiff failed to appear in United States District Court for the Northern District of Illinois for a motion hearing.[2] In another matter, the Plaintiff filed an appeal of the rescheduling of his trial date and the denial of stay pending the appeal, both of which appeals the District Court dismissed.[3] Finally, the Plaintiff has appealed the dismissal of five adversary complaints, including the amended complaint in this adversary. The District Court affirmed the court's orders of dismissal in four of the five adversaries.[4] The District Court granted the Plaintiff's appeal in the fifth adversary, but only because the defendant did not oppose the appeal.[5]

A number of defendants have sought sanctions against the Plaintiff for his conduct. The court has ordered sanctions in the form of attorney's fees and costs in three matters; one under Rule 11 of the Federal Rules of Civil Procedure and two under section 523(d) of the Bankruptcy Code.[6] The Plaintiff appealed the section 523(d) sanction award in *Stelmokas v. Kodzius*, which award was affirmed on substance by the District Court[7] but reversed on procedure by the Circuit.[8]

---

[2] *Stelmokas v. Kupciunas*, Case No. 10 C 2340, U.S. District Court, N.D. Ill. (June 2, 2010).

[3] *Stelmokas v. Sruoga*, Case No. 11 C 79019, U.S. District Court, N.D. Ill. (Mar. 8, 2012).

[4] *Stelmokas v. Sinkuniene*, Case No. 11 C 4414, U.S. District Court, N.D. Ill. (Nov. 9, 2011); *Stelmokas v. Dubauskiene*, Case No. 11 C 5881, U.S. District Court, N.D. Ill. (Sept. 29, 2011); *Stelmokas v. Cepronas*, No. 11 C 5381, 2012 WL 527531 (N.D. Ill. Feb. 10, 2012); and *Stelmokas v. Jasiukaitiene*, Case No. 11 C 5384, U.S. District, N.D. Ill. (Aug. 16, 2012).

[5] *Stelmokas v. Maciukas*, Case No. 11 C 5883, U.S. District Court, N.D. Ill. (Dec. 15, 2011).

[6] The court in the two cases in which sanctions were sought under § 523(d) of the Bankruptcy Code found that the Plaintiff's position was not substantially justified and that the Plaintiff had shown a pattern of bringing adversary complaints against debtors unable to afford counsel in order to obtain default judgments, which the court deemed extremely improper. See *Stelmokas v. Madson*, Case No. 09-AP-01134; *Stelmokas v. Kodzius*, Case No. 09-AP-01135.

[7] *Stelmokas v. Kodzius*, Case No. 09-AP-01135.

[8] *Stelmokas v. Kodzius*, No. 11 CV 3600, 2011 WL 4047304 (N.D. Ill. Sept. 9, 2011), *rev'd on procedural grounds*, 460 Fed.Appx. 600, 2012 WL 313714 (7th Cir. 2012). The Seventh Circuit Court of Appeals reversed on the grounds that the court erred when it attempted to put a halt to the Plaintiff's tactics of attrition by stopping him from presenting an

It is important to note that these matters have consistently presented the same salient facts: that the Plaintiff was misled by misstatements of the borrower's financial condition and promises of repayment into reluctantly making a loan or cashing a check.

For example, after the Plaintiff's first bench trial in October 2009, the court found that the Plaintiff did not present any evidence and failed to prove any intent on behalf of the defendant to deceive the Plaintiff; rather, what the Plaintiff alleged and testified to was simply a breach of contract.[9] After ruling in favor of the defendant in that case, Judge Hollis of this court exercised extraordinary patience with the Plaintiff, directing him to several Seventh Circuit cases that would apply to the Plaintiff's loan business and any future adversary proceedings he would file in bankruptcy court and admonishing him, stating that "you're obligated to know what the law is when you bring these matters."[10]

After a bench trial held in the *Kodzius* adversary proceeding, the court found that the only possible alleged misrepresentation was a "statement respecting [Kodzius'] financial condition" and denied the Plaintiff's claim because it fell under the "other than" clause in section 523(a)(2)(A) of the Bankruptcy Code (discussed below). The court pointed out that the defendant's endorsement of business checks cashed by the Plaintiff did not constitute representations – let alone misrepresentations – by the defendant, and the Plaintiff's independent decision to rely on those checks as indicative of the defendant's personal finances was erroneous. The court informed the Plaintiff that to make a fraud claim based on a representation about the debtor's ability to pay, a creditor would have to proceed under § 523(a)(2)(B), but that section requires that the representation be in writing.[11]

In its April 13, 2011 opinion dismissing this adversary proceeding, Judge Sonderby of this court again pointed out that a debtor's oral misrepresentations of its financial condition are not actionable under either section 523(a)(2)(A) or (B) of the Bankruptcy Code, and that debts arising from such misrepresentations remain dischargeable. Judge Sonderby provided the Plaintiff with an extensive list of case precedent to that effect. Judge Sonderby further found that the defendant's statement that she would repay the loan in full with interest and her subsequent failure to do so constituted a broken promise, not a misrepresentation for purposes of section 523(a)(2)(A). Finally, Judge Sonderby made it clear to the Plaintiff that he needed to plead allegations of fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7009 of the Federal Rules of Bankruptcy Procedure.

Yet, the Plaintiff continues to commence adversary proceedings relying on the same basic allegations.[12]

---

argument at the sanctions hearing which was not previously briefed.

[9] *Stelmokas v. Kupciunas*, No. 09-AP-00307 (trial transcript dated 10/22/09, pp. 56-57).

[10] *Id.* (trial transcript dated 10/22/09, pp. 62-63).

[11] *Stelmokas v. Kodzius*, No. 09-AP-01135 (trial transcript dated 2/3/11, p. 50-51).

[12] *See* Exhibit A.

7

APPLICABLE LAW

Federal Rule of Bankruptcy Procedure 9011 ("Rule 9011") provides in pertinent part, that an attorney or unrepresented party making the filing to the court is certifying, to the best of his/her knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that such filing –

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b)(1)-(4).[13] Rule 9011 also requires that the pleading have evidentiary support, or be likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. In considering whether to impose sanctions under Rule 9011, the court examines what was reasonable to believe at the time the paper was signed, and also examines the signer's conduct in later advocating for a position after learning that it no longer had merit. 10 COLLIER ON BANKRUPTCY, ¶ 9011.RH[4] (*citing* 1993 Advisory Committee Note to Fed.R.Civ.P. 11); *see also In re Reuscher*, 1998 WL 93965 at *2 (7th Cir.) ("[E]ven if their perception of the law and facts at the time they filed the complaint was reasonable, they violated Rule 11 in continuing to advocate the allegations of the complaint at trial even while producing no evidence to support the allegations."); *In re Jazz Photo Corp.*, 312 B.R. 524, 526, 43 Bankr. Ct. Dec. (CCR) 118 (Bankr. D. N.J. 2004); *Halverson v. Funaro (In re Funaro)*, 263 B.R. 892, 903-04 (8th Cir. BAP 2001); and *Timmons v. Cassell (In re Cassell)*, 254 B.R. 687, 691 (6th Cir. BAP 2000).

Courts have frequently divided the four subdivisions of Rule 9011 into "two general categories: the 'frivolousness' clauses (or the 'objective component') and the 'improper purpose' clause (or the 'subjective component')." *In re Am. Telecom Corp.*, 319 B.R. 857, 867 (Bankr. N.D. Ill. 2004), *aff'd sub nom. Am. Telecom Corp. v. Siemens Info. & Commc'ns Network, Inc.*, No. 04 C 8053, 2005 WL 5705113 (N.D. Ill. Sept. 7, 2005).

---

[13] Rule 9011 is modeled after Federal Rule of Civil Procedure 11 ("Rule 11") and is the bankruptcy equivalent of Rule 11. [13] *In re Excello Press, Inc.*, 967 F.2d 1109, 1111 (7th Cir. 1992). Thus courts frequently look to cases that interpret Rule 11 when construing Rule 9011. *In re Famisaran*, 224 B.R. 886, 894 (Bankr. N.D. Ill. 1998). "The central goal of Rule 11 is to deter abusive litigation practices." *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1013 (7th Cir. 2004). The Rule is not intended to function as a fee-shifting statute that requires the losing party to pay fees and costs. *State Bank of India v. Kaliana (In re Kaliana)*, 207 B.R. 597, 601 (Bankr. N.D. Ill. 1997) (*citing Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989)). Instead, the Rule focuses on the conduct of the parties and not the results of the litigation. *Baermann v. Ryan (In re Ryan)*, 411 B.R. 609, 613 (Bankr. N.D. Ill. 2009).

The Defendant's allegations, that the Original Complaint was dismissed because it was woefully pled, that the Amended Complaint was likewise inadequate as it did not raise a legitimate question as to dischargeability of the debt owed, rather merely set forth grounds for a mere breach of contract claim, and that the allegations in the Amended Complaint had no foundation in law or fact, are at their essence allegations under the "frivolousness" clauses. *See* Fed. R. Bankr. P. 9011(b)(2) & (b)(3). The Defendant does not allege that the Plaintiff had any "improper purpose" under Rule 9011(b)(1) or that he violated subsection (b)(4) in filing the Complaint. For that reason, the court reserves judgment on those subdivisions of Rule 9011.

Instead, the court is faced with determining whether the Plaintiff has acted frivolously in pursuing the litigation at bar. In that regard, Rule 9011 requires the attorney or unrepresented person to perform a reasonable preliminary investigation of the facts and the applicable law before filing a paper in federal court. *Raymond Prof'l Grp., Inc. v. William A. Pope Co. (In re Raymond Prof'l Grp., Inc.)*, 420 B.R. 448, 462 (Bankr. N.D. Ill. 2009); *Am. Telecom*, 319 B.R. at 867; *Home Sav. Ass'n of Kan. City, F.A. v. Woodstock Assocs. I, Inc. (In re Woodstock Assocs. I, Inc.)*, 121 B.R. 238, 242 (Bankr. N.D. Ill. 1990).

In order to establish that the attorney or unrepresented person has performed the necessary inquiry, "[t]he legal papers an attorney [or unrepresented person] files in any case must be grounded in both a nonfrivolous legal theory and well-founded factual contentions and/or denials that, at a minimum, have a reasonable possibility of having evidentiary support after further investigation and discovery." *Am. Telecom*, 319 B.R. at 867. Good faith alone is not enough to establish compliance with Rule 9011. *Id.* Instead, "Rule 9011 imposes an affirmative obligation upon counsel [or unrepresented person] to conduct a reasonable inquiry into both the law and the facts before advancing a particular position to the court." *In re Martin*, 350 B.R. 812, 817 (Bankr. N.D. Ind. 2006).

In determining whether the attorney or unrepresented person made a reasonable inquiry into the facts of a case, courts consider five factors: (1) whether the signer of the document had sufficient time for investigation; (2) the extent to which the attorney had to rely on the client for the factual foundation underlying the pleading; (3) whether the case was accepted from another attorney; (4) the complexity of the facts and the attorney's or unrepresented person's ability to perform a sufficient pre-filing investigation; and (5) whether discovery would have been beneficial to the development of the underlying facts. *Woodstock*, 121 B.R. at 242. A pleading will be considered well grounded in fact if it has some reasonable basis in fact. *Id.* On the other hand, a pleading that is contradicted by uncontroverted evidence that was or should have been known by the attorney or unrepresented person signing the document will not be considered to be well-grounded in fact. *Id.*

The express terms of Rule 9011 apply to *pro ses* as well as attorneys. Therefore, *pro se* litigants who sign pleadings or other papers are held to the same standards as any attorney for purposes of Rule 9011.[14] Nonetheless, the courts generally give some latitude in the review of their filings.[15] The

---

[14] *In re Rossi*, No. 98 B 19055, 1999 WL 253124 at *13 (Bankr. N.D. Ill. Apr. 27, 1999).

[15] *See In re Zussman*, 157 B.R. 404, 410 (Bankr. N.D. Ill. 1993); *In re Chapman*, 154 B.R. 258, 266 (Bankr. N.D. Ill. 1993).

Seventh Circuit in *Bacon* has recognized that "[a] layman cannot be expected to realize as quickly as a lawyer would that a legal position has no possible merit."[16]

Nevertheless, there are limits to that lenient posture. The *Bacon* court noted that "when a layman persists in a hopeless cause long after it should have been clear to him, as a reasonable (though not law-trained) person, that his cause was indeed hopeless, sanctions should be imposed."[17] Courts may reasonably assume that after frequent forays into the courtroom, *pro se* litigants have learned something about the law.[18] The Plaintiff is clearly an experienced *pro se* given his extensive forays in both state and federal courts.

Sanctions may be appropriate when the plain language of an applicable statute and the case law preclude relief. *See Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (*citing United States v. Milam*, 855 F.2d 739, 744-745 (11th Cir. 1988) and *Fox v. Acadia State Bank*, 937 F.2d 1566, 1571 (11th Cir. 1991) (upholding the district court's decision to award sanctions given the plaintiff's decision to proceed on a theory which was specifically precluded by statute and which was unsupported by case law was unreasonable)).

However, the imposition of sanctions under Rule 9011 is discretionary rather than mandatory. *In re Dental Profile, Inc.*, 446 B.R. 885, 903 (Bankr. N.D. Ill. 2011) (*citing In re Generes*, 69 F.3d 821, 827 (7th Cir. 1995)). Courts have held that Rule 9011 sanctions should be granted sparingly and not imposed lightly. *Lefkovitz v. Wagner*, 219 F.R.D. 592, 592-93 (N.D. Ill. 2004), *aff'd*, 395 F.3d 773 (7th Cir. 2005). Sanctions should be considered in light of the goal of Rule 9011, to deter the underlying behavior. *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1013-14 (7th Cir. 2004).

In considering whether sanctions are appropriate, the court must consider, among other things, whether the target of the sanctions has been clearly and unequivocally notified of the allegedly sanctionable behavior and been afforded an opportunity to mitigate potentially applicable damages. *See, e.g., In re Narowetz Mechanical Contractors, Inc.*, 99 B.R. 850, 862 (N.D. Ill. 1989).

Although the plain language of Rule 11(c)(1)(A) appears to require the moving party to serve the motion itself at least twenty-one days before filing it, in *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003), the Seventh Circuit awarded sanctions under Rule 11 even though the defendant had sent the respondent only a "letter" or "demand" and not a copy of the motion for sanctions. In reaching its conclusion, the Seventh Circuit did not address the language of Rule 11, the Advisory Committee Notes to the Rule, or any other Rule 11 jurisprudence. The panel concluded that the "[d]efendants have complied substantially with Rule 11(c)(1)(A) and are entitled to a decision on the merits of their request for sanctions under Rule 11." *Id.*; *see also Henderson v. Jupiter Aluminum Corp.*, No. 2:05CV081, 2006 WL 361063, at *6 (N.D. Ind. Feb. 15, 2006). The Seventh Circuit has also stated that a letter informing the opposing party of the intent to seek

---

[16] *Bacon v. American Federation of State, County, and Mun. Employee's Council, No. 13*, 795 F.2d 33, 34 (7th Cir. 1986).

[17] *Id.* at 34.

[18] *See Taylor v. Prudential-Bache Securities, Inc.*, 594 F.Supp. 226, 227 (N.D.N.Y.), aff'd, 751 F.2d 371 (2d Cir. 1984) (court sanctioned a *pro se* party who had previously filed six remarkably similar suits against the same defendants).

10

sanctions and the basis for the imposition of sanctions may be sufficient under the Rule. *See Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 649 F.3d 539, 552-53 (7th Cir. 2011).

DISCUSSION

1. <u>Is the Plaintiff's Conduct Sanctionable?</u>

The Amended Complaint in this adversary proceeding sought a determination of nondischargeability of the Plaintiff's debt under section 523(a)(2)(A) of the Bankruptcy Code. Section 523(a)(2)(A) provides in pertinent part that: "A discharge under section 727 of this title . . . does not discharge an individual debtor from any debt — for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by — false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). To successfully allege such a cause of action, the Plaintiff must allege that: (1) the Defendant made a false representation or omission of fact, (2) which the Defendant (a) either knew was false or made with reckless disregard for the truth and (b) made with the intent to deceive, (3) upon which the Plaintiff justifiably relied. *Ojeda v. Goldberg*, 599 F.3d 712, 716-17 (7th Cir. 2010) (citations omitted); *In re Bero*, 110 F.3d 462, 465 (7th Cir. 1997); *Citibank (S.D.), N.A. v. Michel*, 220 B.R. 603, 605 (N.D. Ill. 1998); *Deady v. Hanson (In re Hanson)*, 432 B.R. 758, 771 (Bankr. N.D. Ill. 2010); *Baermann v. Ryan (In re Ryan)*, 408 B.R. 143, 156 (Bankr. N.D. Ill. 2009).

The Plaintiff did allege that the Defendant orally made false representations to the Plaintiff that she was creditworthy and had the ability to repay the loan and would repay the loan in full with interest, making such representations while knowing them to be false or with reckless disregard for the truth. The Plaintiff further alleged that the Defendant intentionally failed to disclose that she was in arrears for five (5) months on her mortgage payments, including principal, taxes, and insurance and that she was in poor financial condition. The Plaintiff alleges that he actually and reasonably relied on the misstatements and failures to disclose.

However, as has been noted above, the Plaintiff was aware before the commencement of this matter that such allegations do not satisfy the standards of section 523(a) of the Bankruptcy Code. The misstatements and/or failures to disclose were at best oral statements relating to the Defendant's financial condition. *See* 11 U.S.C. § 523(a)(2)(A). Further, the broken promises to pay are just that, broken promises and not fraud. At the end of the Plaintiff's first bench trial in the *Kupciunas* case, Judge Hollis, after telling the Plaintiff to "study" a long list of cited cases on section 523(a)(2)(A) requirements, reiterated to the Plaintiff that all he had proven was that "[t]he debtor promised to pay and the debtor didn't pay," which was "nothing more than a breach of contract case."[19]

Given the number of Plaintiff's similar actions that have been dismissed on sufficiency grounds and the express terms contained in the court's orders when more extensive orders have been entered, the Court has no difficulty concluding that the Plaintiff knew or should have known

---

[19] *Stelmokas v. Kupciunas*, No. 09-AP-00307 (trial transcript dated 10/22/09, pp. 60, 63).

11

that the Complaint and the Amended Complaint were legally insufficient, but proceeded with their prosecution anyway. To summarize the earlier discussion, the Plaintiff has never succeeded on the merits with these causes of action, but continues to bring them anyway.

This begs the question, were the Plaintiff's actions sanctionable?

The court finds that the Plaintiff did not perform a reasonable preliminary investigation of the facts and the applicable law before filing a paper in federal court. Judge Sonderby, in a written opinion to dismiss this adversary proceeding, found that (1) the Defendant's alleged oral statement as to her ability to repay the loan concerned her financial condition, not actionable under section 523(a)(2)(A) of the Bankruptcy Code, (2) the Plaintiff failed to specifically identify the alleged misrepresentations made by or the actionable conduct of the Defendant and the timing thereof, and (3) the Plaintiff failed to plead sufficient facts to suggest the requisite intent to deceive or defraud and the Plaintiff's reliance. Judge Sonderby also found that the Defendant's failure to pay the loan as she allegedly stated she would simply constituted a broken promise, not a misrepresentation for purposes of section 523(a)(2)(A) of the Bankruptcy Code.

As is evidenced by the facts set forth earlier in this Memorandum Decision, several of the other adversaries commenced by the Plaintiff were dismissed by the court during the pendency of this matter, all citing the same deficiencies as in this matter. Two adversaries had proceeded to bench trials in which the court entered judgment against the Plaintiff.

Yet, the Plaintiff continued to pursue this matter by amending his complaint. In the Amended Complaint, the Plaintiff alleged almost identical to those in the *Kupciunas* adversary, where, as noted above, he had lost, been sanctioned and been cautioned as to his obligation to know the law before filing a complaint. The only new twist in this case is that the Plaintiff alleges that the Defendant attempted to get him drunk in order to make the loan – an allegation that so strains credulity given that Plaintiff conducts his business in his own bar, that the Court need spend no time addressing it. The facts alleged in the Amended Complaint could not, even if proven, support a finding of a scheme by the Defendant to defraud the Plaintiff. That is sufficient to violate Rule 9011(b)(3).

Further, between the date that the Defendant filed her Motion To Dismiss and her counsel sent the Safe Harbor Letter to the Plaintiff (11/1/2010) and the date the court issued its order granting her motion (4/13/2011), the Plaintiff had received a ruling after a bench trial in the *Kodzius* case. As noted above, in that ruling the court informed the Plaintiff that proceeding under § 523(a)(2)(B) requires the representation be in writing.

Yet, again, the Plaintiff failed to voluntarily dismiss the adversary proceeding in this adversary despite his obligation to do so upon learning his position was untenable. Indeed, after receiving the court's order granting the Motion To Dismiss, the Plaintiff continued to pursue this adversary by filing a motion for leave to file a second amended complaint, which the court denied. These actions are sufficient to violate Rule 9011(b)(2).

The court therefore finds that the Plaintiff has violated Rule 9011. The Plaintiff did not act reasonably in commencing and continuing this adversary proceeding. Neither the Original

12

Complaint nor the Amended Complaint is reasonably based on facts or legal theories warranted by existing law. Accordingly, the court finds that the Plaintiff's action in filing the Amended Complaint is sanctionable.

2. Should Sanctions Be Imposed in This Adversary Proceeding?

This question of whether sanctions should be imposed against Plaintiff in this matter is a much more difficult one, and its answer turns in part on procedural issues. As noted above, the imposition of sanctions under Rule 9011 is discretionary rather than mandatory, and should be granted sparingly and not imposed lightly.

In exercising its discretion with respect to sanctions in this matter, the court has considered not only the facts and law described above, but also the fact that the Plaintiff appears *pro se*. Further, as noted above, because the targeted party must be afforded a clear opportunity to understand and modify potentially sanctionable behavior, it is important that a motion for sanctions identify the portion or portions of the pleadings that violate Rule 9011.

Here, the Sanctions Motion lacks the requisite legal arguments and citations to relevant facts to support the Defendant's request for sanctions. The Defendant fails to set forth the basis for her request for sanctions. Rather, she merely sets forth the procedural timeline in this case, recites the statutory language of Rule 9011(b) and (c), and attaches a copy of the Safe Harbor letter sent to the Plaintiff. Similarly, the Safe Harbor letter gave the Plaintiff little notice as to the specific action that was offensive. It merely stated that "[y]our allegations have no foundation in law or fact." The Defendant failed to include with the Safe Harbor Letter or otherwise serve a copy of the proposed motion for sanctions that would be filed if the Plaintiff failed to voluntarily dismiss the Amended Complaint.

Because, as discussed above, the Seventh Circuit has indicated that the attaching of a complaint to a safe harbor letter is not a *per se* requirement, the court did not consider the Defendant's failure as outcome determinative in this matter. Nonetheless, the court finds that under the facts of this matter, neither the Safe Harbor Letter nor the Sanctions Motion provided the Plaintiff with sufficient notice as to the offensive action. As a result, the court finds that imposing sanctions on the Plaintiff in this matter would be inappropriate.

3. Future Actions by Plaintiff Under Section 523(a)(2)(A).

While the Plaintiff is nominally the successful party in this matter, the court finds it nonetheless appropriate to advise the Plaintiff that whatever leniency is appropriate as to *pro se* parties has been nearly exhausted in the multiple matters brought by the Plaintiff.

In part because the Plaintiff has appeared before multiple judges of this court, the Plaintiff has been afforded more than three strikes before being declared out. Given (i) the sheer number of cases the Plaintiff has filed in this District and the resulting failure rate, (ii) the number of opinions of judges of this court have issued concluding that the Plaintiff's causes of actions are meritless, and (iii) the extraordinary steps the judges have taken to educate the Plaintiff as to the applicable standards of law, it is hard to imagine how the Plaintiff might continue the past course of conduct

13

without clearly subjecting himself to sanctions. Further attempts to bring actions on the same, grounds as have been continually found insufficient by the court (or continued prosecution of matters arising out of the same essential facts), without additional and necessary factual support and legal bases, could and should be viewed as blatant disregard of the adverse precedent noted in this and other matters brought in this District. The court strongly cautions the Plaintiff to consider such actions carefully before bringing them again.

## CONCLUSION

For the foregoing reasons, although the court finds that the Plaintiff's actions are sanctionable, the court denies the Sanctions Motion.

This Memorandum Decision constitutes the court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rules of Bankruptcy Procedure 5003 and 9021.

ENTERED:

DATE: September 27, 2012

Timothy A. Barnes
United States Bankruptcy Judge

MEMORANDUM OPINION
Exhibit A
Stelmokas v. Sinkuniene, Adversary No. 10 A 01418

| Case # | Defendant | Disposition |
|---|---|---|
| 03-04100 | Borczyk | Dismissed without prejudice [Rule 9(b)/12(b)(6)]. Plaintiff failed to Amend Complaint. |
| 08-00516 | Bucmys | Voluntarily dismissed on Plaintiff's motion. |
| 08-00517 | Mauza | Default Judgment. |
| 08-00641 | Levanauskas | Voluntarily dismissed on Plaintiff's motion. |
| 08-00852 | Zaltauskaite | Dismissed without Prejudice--Rule 16(f). |
| 08-00854 | Januskevicius | Dismissed--Want of Prosecution. |
| 09-00307 | Kupciunas | Bench trial held on Oct. 22, 2009. Judgment for defendant. Motion to Amend denied; appealed to District Court. District Court dismissed appeal because Plaintiff failed to appear. Rule 11 Sanctions granted in the amount of $2,997.50. |
| 09-00586 | Bernotas | Bench trial held on March 10,2010. Judgment in favor of defendant. |
| 09-00587 | Maciukas | Dismissed--Rule 16(f) & 37(b). Motion to Vacate Order of Dismissal denied. Motion to Reconsider denial of Motion to Vacate Order of Dismissal denied. |
| 09-00588 | Dubauskiene (Related AP#11-00594) | Dismissed--Rule 16(f) & 37(b). Motion to Vacate Order of Dismissal denied. Motion to Reconsider denial of Motion to Vacate Order of Dismissal denied. |
| 09-00590 | Gaudinskas | Dismissed--Rule 16(f) & 37(b). Motion to Vacate Order of Dismissal denied. Motion to Reconsider denial of Motion to Vacate Order of Dismissal denied. |
| 09-00690 | Jasiukaitiene-Gelb (Related AP#11-00596) | Dismissed--Rule 16(f) & 37(b). Motion to Vacate Order of Dismissal denied. Motion to Reconsider denial of Motion to Vacate Order of Dismissal denied. |
| 09-00691 | Cepronas (Related AP#11-00595) | Dismissed--Rule 16(f) & 37(b). Motion to Vacate Order of Dismissal denied. Motion to Reconsider denial of Motion to Vacate Order of Dismissal denied. |
| 09-00722 | Vencius | Dismissed-Want of Prosecution. |
| 09-00723 | Kasparavicius | Voluntarily Dismissed on Plaintiff's Oral Motion. |
| 09-01134 | Madson | Voluntarily Dismissed on Plaintiff's Oral Motion. Sanctions against Plaintiff granted (appealed to the District Court). District Court affirmed under collateral estoppel by opinion in the Kodzius case. Plaintiff failed to appeal District Court order to 7th Circuit. |
| 09-01135 | Kodzius | Bench trial held on Feb. 3, 2011. Adversary dismissed after close of Plaintiff's case. Sanctions against Plaintiff granted (appealed to the District Court). District Court affirmed Bankruptcy Court's award of sanctions. Plaintiff appealed the District Court case to the Seventh Circuit Court of Appeals. Seventh Circuit Court of Appeals reversed the District Court's decision upholding the award of attorney's fees to the defendant. |

MEMORANDUM OPINION
Exhibit A
Stelmokas v. Sinkuniene, Adversary No. 10 A 01418

| Case # | Defendant | Disposition |
|---|---|---|
| 09-01298 | Grazauskas | Voluntarily Dismissed upon the Plaintiff's written motion. |
| 09-01299 | Ivoskis/Ivoskiene | Default Judgment. |
| 10-00379 | Leitenantas | Bench trial held on March 5, 2012. Judgment entered for Defendant after close of the Plaintiff's case. |
| 10-00478 | Sruoga | Plaintiff appealed rescheduling of trial date and denial of stay pending the appeal to District Court. District Court dismissed the appeal upon the Defendant's motion. |
| 10-01418 | Sinkuniene | Dismissed with prejudice. Appealed to and affirmed by the District Court. Defendant filed Motion for Sanctions; under advisement (subject of this Opinion). |
| 11-00594 | Dubauskiene (Related AP #09-00588) | Dismissed with prejudice. Appealed to and affirmed by the District Court. |
| 11-00595 | Cepronas (Related AP#09-00691) | Dismissed with prejudice. Appealed to and affirmed by the District Court. |
| 11-00596 | Jasiukaitiene (Related AP#09-00690) | Dismissed with prejudice. Appealed to and affirmed by the District Court. |
| 11-00597 | Gaudinskas | Dismissed with prejudice. Appealed to the District Court. Appellate case dismissed for want of prosecution. |
| 11-00598 | Maciukas | Dismissed with prejudice. Appealed to the District Court. Appeal granted because the Defendant did not oppose the appeal. |
| 11-00599 | Geguzinskas | Default judgment. |
| 11-01071 | Dusevicius | Default judgment. |
| 11-01777 | Sells | Dismissed---Want of Prosecution. |
| 11-01778 | Montvidiene | Trial reset for Feb. 2013. |

**MEMORANDUM OPINION**
Exhibit A
Stelmokas v. Sinkuniene, Adversary No. 10 A 01418

| Case # | Defendant | Disposition |
|---|---|---|
| 03-04100 | Borczyk | Dismissed without prejudice [Rule 9(b)/12(b)(6)]. Plaintiff failed to Amend Complaint. |
| 08-00516 | Bucmys | Voluntarily dismissed on Plaintiff's motion. |
| 08-00517 | Mauza | Default Judgment. |
| 08-00641 | Levanauskas | Voluntarily dismissed on Plaintiff's motion. |
| 08-00852 | Zaltauskaite | Dismissed without Prejudice--Rule 16(f). |
| 08-00854 | Januskevicius | Dismissed--Want of Prosecution. |
| 09-00307 | Kupciunas | Bench trial held on Oct. 22, 2009. Judgment for defendant. Motion to Amend denied; appealed to District Court. District Court dismissed appeal because Plaintiff failed to appear. Rule 11 Sanctions granted in the amount of $2,997.50. |
| 09-00586 | Bernotas | Bench trial held on March 10, 2010. Judgment in favor of defendant. |
| 09-00587 | Maciukas | Dismissed--Rule 16(f) & 37(b). Motion to Vacate Order of Dismissal denied. Motion to Reconsider denial of Motion to Vacate Order of Dismissal denied. |
| 09-00588 | Dubauskiene (Related AP#11-00594) | Dismissed--Rule 16(f) & 37(b). Motion to Vacate Order of Dismissal denied. Motion to Reconsider denial of Motion to Vacate Order of Dismissal denied. |
| 09-00590 | Gaudinskas | Dismissed--Rule 16(f) & 37(b). Motion to Vacate Order of Dismissal denied. Motion to Reconsider denial of Motion to Vacate Order of Dismissal denied. |
| 09-00690 | Jasiukaitiene-Gelb (Related AP#11-00596) | Dismissed--Rule 16(f) & 37(b). Motion to Vacate Order of Dismissal denied. Motion to Reconsider denial of Motion to Vacate Order of Dismissal denied. |
| 09-00691 | Cepronas (Related AP#11-00595) | Dismissed--Rule 16(f) & 37(b). Motion to Vacate Order of Dismissal denied. Motion to Reconsider denial of Motion to Vacate Order of Dismissal denied. |
| 09-00722 | Vencius | Dismissed-Want of Prosecution. |
| 09-00723 | Kasparavicius | Voluntarily Dismissed on Plaintiff's Oral Motion. |
| 09-01134 | Madson | Voluntarily Dismissed on Plaintiff's Oral Motion. Sanctions against Plaintiff granted (appealed to the District Court). District Court affirmed under collateral estoppel by opinion in the Kodzius case. Plaintiff failed to appeal District Court order to 7th Circuit. |
| 09-01135 | Kodzius | Bench trial held on Feb. 3, 2011. Adversary dismissed after close of Plaintiff's case. Sanctions against Plaintiff granted (appealed to the District Court). District Court affirmed Bankruptcy Court's award of sanctions. Plaintiff appealed the District Court case to the Seventh Circuit Court of Appeals. Seventh Circuit Court of Appeals reversed the District Court's decision upholding the award of attorney's fees to the defendant. |

**MEMORANDUM OPINION**
Exhibit A
Stelmokas v. Sinkuniene, Adversary No. 10 A 01418

| Case # | Defendant | Disposition |
|---|---|---|
| 09-01298 | Grazauskas | Voluntarily Dismissed upon the Plaintiff's written motion. |
| 09-01299 | Ivoskis/Ivoskiene | Default Judgment. |
| 10-00379 | Leitenantas | Bench trial held on March 5, 2012. Judgment entered for Defendant after close of the Plaintiff's case. |
| 10-00478 | Sruoga | Plaintiff appealed rescheduling of trial date and denial of stay pending the appeal to District Court. District Court dismissed the appeal upon the Defendant's motion. |
| 10-01418 | Sinkuniene | Dismissed with prejudice. Appealed to and affirmed by the District Court. Defendant filed Motion for Sanctions; under advisement (subject of this Opinion). |
| 11-00594 | Dubauskiene (Related AP #09-00588) | Dismissed with prejudice. Appealed to and affirmed by the District Court. |
| 11-00595 | Cepronas (Related AP#09-00691) | Dismissed with prejudice. Appealed to and affirmed by the District Court. |
| 11-00596 | Jasiukaitiene (Related AP#09-00690) | Dismissed with prejudice. Appealed to and affirmed by the District Court. |
| 11-00597 | Gaudinskas | Dismissed with prejudice. Appealed to the District Court. Appellate case dismissed for want of prosecution. |
| 11-00598 | Maciukas | Dismissed with prejudice. Appealed to the District Court. Appeal granted because the Defendant did not oppose the appeal. |
| 11-00599 | Geguzinskas | Default judgment. |
| 11-01071 | Dusevicius | Default judgment. |
| 11-01777 | Sells | Dismissed--Want of Prosecution. |
| 11-01778 | Montvidiene | Trial reset for Feb. 2013. |